STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GEORGE BOLLES, PLAINTIFF IN ERROR.

Submitted January 25, 1935—Decided March 28, 1935.

Before Brogan, Chief Justice, and Justices Parker and Bodine.

For the plaintiff in error, *Leon M. Bardfeld.*

For the state, *Thomas G. Tuso,* prosecutor of the pleas.

Per Curiam.

The case arises under chapter 436 of the laws of 1933 (*Pamph. L., pp.* 1180 *et seq.*) being the act concerning alcoholic beverages. The indictment seems to be referable to section 48 relating to manufacture of alcoholic beverages without a license, &c., and section 50, which reads as follows:

"Any person who shall knowingly aid or abet another in the violation of this act shall be guilty of a misdemeanor punishable in the same manner as the violation aided or abetted." (Page 1124.)

The indictment was in three counts; the first, charging the defendant Bolles with manufacturing, and the second, charging him with the possession of certain materials and machinery for the manufacture of alcoholic beverages, with intent, &c., were abandoned by the state, and the sole reliance was on the third count for abetting another person whose name was unknown to the grand jury in the manufacture of alcoholic beverages, in violation of the statute, &c.

The case is submitted on briefs and, although there were twelve assignments of error and thirteen specifications of causes for reversal under section 136 of the Criminal Procedure act, only three are presented in the brief. The first is that the trial court refused to withdraw a juror and declare a mistrial at the opening because of certain remarks made by the prosecutor in his said opening.

The second and third, which are argued together, are based on the tenth and eleventh assignments of error and the eleventh and twelfth causes for reversal which are identical and are (a) because the verdict of the jury is against the

weight of the evidence, and (b) there was no evidence to support the verdict.

The first of these is cognizable only under section 136. The second is not cognizable either under section 136 or on strict writ of error, because it does not point to any ruling of the trial court. There were motions to direct an acquittal both when the state rested and at the conclusion of the case, which motions were denied by the court and exception entered, but neither of these rulings is now challenged in the brief and therefore they require no consideration.

As to the refusal to withdraw a juror it will be necessary to go to some extent into the facts.

The defendant was the owner of a farm where he lived; and at a short distance from his house was his barn. This he used in part himself for farm purposes and part of it he had rented out, about a month previous to a raid by the county officials, to a man whom he had never known before, whom he had not seen since he had rented the portion of the barn to him, allegedly for storage purposes, who paid him $20 for the first month's rent and then seems to have disappeared from the scene. The lease was not in writing. About a month afterwards the public authorities of Cumberland county, on notification from the prosecutor's office, raided the barn and found installed there what appeared to be all the components of a still with the exception of what was called in the evidence the "column or dephlegmator," which appears to have been the essential appliance for the separation of unnecessary water from the alcohol They found no grain, mash or similar basis of distillation, but the presence of ashes denoted that the furnace had been used not long before. Several of the state's witnesses testified distinctly to a smell of alcohol in and around the place. The defendant generally denied any knowledge of what was going on in his barn and took the position that he had simply rented it innocently for storage purposes and had paid no attention as to what was done there. The various articles found in the barn were seized and taken to the county seat where they were inspected by the jury during the course of the trial.

In his opening the prosecutor said in part: "At the time the officers went—I don't know who gave them the information, I can't tell—but as the result of some tip-off, the finished products were done away with. When the officers arrived, they found all these things which you will see——," &c.

The motion to withdraw a juror was predicated upon the prosecutor's remarks about the tip-off. The court denied the motion, saying: "I instruct the jury that the case will be presented and tried solely on the evidence that is submitted here in court, and not upon any opinion that counsel on either side may express. I don't think that the remark can possibly harm your client, particularly in view of the instructions which I have now given the jury. I deny your motion."

We find no harmful error in the refusal of the court to withdraw a juror. In the first place, it was discretionary; and in cases of that kind the only question that can arise is whether the discretion was abused. We think that it was not. The rule laid down by a considerable line of cases in this state is, in effect, that where one of the opposing counsel goes beyond the limit justified by the evidence, the court is not in general required to break up the trial and start over again, but it is sufficient for the judge to instruct the jury in definite terms that they are to decide the case on the evidence alone and not be influenced by unwarranted statements of counsel. Furthermore, it is not so clear that the statement was unwarranted. True, the question of a tip-off was decidedly a matter of inference; but if the jury were entitled to find from the facts that everything appropriate to a still was on the premises at the time of the raid with the exception of the column, and that that was essential to the making of alcoholic product, and the existence of such manufacture was fairly indicated by the smell to which the officers testified, it may well have been inferred that the column had been hurriedly removed as being the one thing specifically characteristic of a still and of nothing else. However, it is sufficient to say, so far as relates to the refusal of the court to declare a mistrial, that, in our judgment, the discretion of the court was not abused in this regard.

The only other point, in view of what has already been said, is whether the verdict was against the weight of evidence. As to the fact of the barn having been used for the manufacture of alcoholic liquor contrary to the act, there was no evidence to rebut the evidence for the state of the existence of a complete alcoholic making plant with the exception of the column feature and the material plus the ashes, the fuel (coke), a large number of five-gallon cans, and the smell of alcohol already adverted to. The jury, as we have said, were therefore entitled to find that the manufacture of alcoholic beverages had been going on.

The remaining question was whether the defendant had abetted in that manufacture. However, this particular phase of the case is not argued at all in the brief. The whole argument on weight of evidence seems to go to the proposition that there was no sufficient proof of the manufacture; and consequently, as the other phase of the complicity of the defendant in that manufacture is not argued, it needs no discussion here.

The judgment will be affirmed.